Kannan GURUSAMY, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70540.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Nov. 1, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Tsz–Hai Huang George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Alison Marie Igoe, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI, O'SCANNLAIN, and TROTT, Circuit Judges.

## MEMORANDUM **

Kennan Gurusamy, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. The BIA adopted the IJ's adverse credibility finding but declined to reach the IJ's alternative finding that petitioner failed to meet his burden of proof for relief. Accordingly, the petition for review is limited to the adverse credibility finding.

"Although some of the factors the IJ relied upon are either unsupported or irrelevant, so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Gurusamy's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004) (internal quotation marks, brackets, and citation omitted). At the very least, substantial evidence supports the IJ's finding that Gurusamy's testimony regarding an alleged political motivation behind his second and third arrests is incredible. As the IJ found, after a three year absence from India, Gurusamy did not significantly engage in any political activities when he returned in 2001 to precipitate a political arrest just one month later. His declaration vaguely states that he was "preparing" to support his party, and when given an opportunity to explain his participation he testified that it consisted of planning only.

Because we uphold the adverse credibility finding and petitioner does not contend that he is otherwise eligible for relief, the petition for review is

**DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.